IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT LESTER TIELLEMAN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-16-3478 |
| FRANK BISHOP, JR., et al., | * | |
| Respondents. | * | |

*****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Robert Lester Tielleman's Petition for Writ of Habeas Corpus (ECF No. 1) filed under 28 U.S.C. § 2254 (2018). No hearing is necessary for the disposition of the Petition. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6 (D.Md. 2018); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (stating that a petitioner is not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Court will dismiss the Petition as untimely and decline to issue a certificate of appealability.

### I. BACKGROUND

On January 28, 2013, a jury in the Circuit Court for Caroline County, Maryland found Tielleman guilty of two counts of attempted kidnapping, two counts of first-degree assault, reckless endangerment, and unlawful possession of a firearm. (Resp'ts' Resp. Ex. 1 at 11–13, ECF No. 5-1). On April 10, 2013, Tielleman was sentenced to serve an aggregated term of eighty years. (Id. at 11, 13–15). On April 19, 2013, Tielleman filed a notice of appeal and elected for an en banc review. (Id. at 15, 17). On October 11, 2013, a

three-judge panel reviewed Tielleman's sentence, which resulted in a reduction of his overall sentence to sixty years. (Id. at 17–21).

On May 21, 2014, the Maryland Court of Special Appeals affirmed Tielleman's conviction. (Resp'ts' Resp. Ex. 2 at 6, ECF No. 5-2). The appellate court concluded that Tielleman's claim that the evidence was not legally sufficient to support a conviction for charges of being a felon in possession of a firearm was not preserved for its review, (id. at 2–4), and that the State did not withhold Brady[1] evidence when it failed to disclose that a witness for the State had been convicted of stalking, a misdemeanor offense under Maryland law, (id. at 4–7).

The Court of Appeals denied Tielleman's petition for writ of certiorari on August 28, 2014. (Id. at 8). The time for Tielleman to seek certiorari review from the United States Supreme Court expired on November 26, 2014, ninety days after the date of the Court of Appeals' decision. See Sup.Ct.R. 13.1.

At the time he filed his Petition in this Court, Tielleman had not filed a petition for post-conviction relief with the Circuit Court. Instead, he filed a motion to correct illegal sentence on June 10, 2015, which was denied on June 25, 2015; Tielleman did not file a timely notice of appeal for the denial of this motion.[2] (Resp'ts' Resp. Ex. 1 at 21–22).

---

[1] Brady v. Maryland, 373 U.S. 83, 87 (1963).
[2] Tielleman filed a petition for writ of certiorari with the Court of Appeals of Maryland, but it did not concern an appeal that was then pending in his case. (Resp'ts' Resp. Ex. 3 at 1–11, ECF No. 5-3). The Court of Appeals denied the petition on April 25, 2016. (Id. at 12). Tiellman filed a motion for reconsideration of that denial, which the court denied on August 22, 2016. (Id. at 13). For purposes of the timeliness of Tielleman's Petition in this Court, these filings do not toll the limitations period as they were not properly filed.

On October 17, 2016, Tiellman filed his Petition for Writ of Habeas Corpus. (ECF No. 1). In his Petition, Tielleman asserts two grounds for federal habeas relief: (1) the Circuit Court erred in adding an element to the offense of attempted kidnapping and in denying a merger as to the two counts, (Pet. Writ Habeas Corpus ["Pet."] at 5–6, ECF No. 1);[3] and (2) the Circuit Court erred when it failed to apply the "rule of lenity" which was required because Maryland's kidnapping statute does not indicate "whether the Maryland General Assembly intended that a defendant be twice punished for two offenses stemming from a single transaction of kidnapping," (id. at 6). As relief, Tielleman seeks vacatur of the two consecutive thirty-year sentences and imposition of concurrent thirty-year sentences. (Id. at 7).

On February 23, 2017, Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus and Order to Show Cause. (ECF No. 5). In their Answer, Respondents assert that Tiellman's Petition must be dismissed because it is untimely and raises no basis for equitable tolling of the limitations period. On March 13, 2017, the Court entered an Order granting Tiellman twenty-eight days to file a Reply addressing why his Petition is

---

[3] Tielleman was convicted of attempting to kidnap two minor girls whose dates of birth fell in April and July of 1997, respectively. (Pet. at 5). He reasons that double jeopardy is violated when a person is punished twice for the same crime; the elements for the offense of kidnapping are the same for each count of the indictment; and the trial court incorrectly denied a merger on the convictions for these two counts because the two victims had different dates of birth. (Id.). He states that the victims' dates of birth are not elements of the kidnapping offense. (Id. at 6). The Court notes that Tielleman's argument is nonsensical and disregards the fact that there were two victims, both of whom he was found guilty of attempting to kidnap.

3

not time-barred. (Mar. 13, 2017 Order at 1–2, ECF No. 7). Tiellman filed his Court-ordered Reply on April 3, 2017. (ECF No. 8).

## II. DISCUSSION

### A. Petition for Writ of Habeas Corpus

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. See 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id.

"[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a federal habeas petitioner must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. See Harris, 209 F.3d at 330. A federal habeas petition does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 175 (2001) (noting that a federal habeas petition is not an application for state post-conviction or other collateral review within the meaning of § 2244(d)(2), and therefore it does not toll the limitation period while it is pending).

In this case, Tielleman's conviction was final on November 26, 2014. The one-year filing deadline was tolled from June 10, 2015 to July 25, 2015, while Tielleman's motion to correct illegal sentence was pending, allowing for the thirty-day period in which Tielleman could have filed a notice of appeal. Thus, the deadline for Tielleman to seek federal habeas relief in this Court expired on January 11, 2016.[4] Tielleman filed his Petition with on October 12, 2016—nine months after the deadline.

---

[4] The expiration date noted takes into account the forty-five days during which Tielleman's motion to correct illegal sentence was either pending or Tielleman had the opportunity to file a notice of appeal. Further, the actual date of expiration, January 10, 2016, falls on a Sunday; therefore, the first available date for filing a petition with this Court would have been the following day, Monday, January 11, 2016.

With regard to equitable tolling, Tielleman asserts that "at the time his conviction became final, . . . he was <u>illiterate</u> to the fact that his sentence was [i]nherently illegal (having little or no formal education or the ability to comprehend)." (Petr.'s Reply at 1, ECF No. 8; <u>see also</u> Pet. Writ Habeas Corpus at 4, ECF No. 1). Tiellman asks the Court to find that this constitutes an extraordinary circumstance warranting equitable tolling of the limitations period. (Petr.'s Reply at 1).

Importantly, Tielleman does not assert that he was or is illiterate, i.e., that he cannot read or write. Furthermore, it is clear from the record that Tielleman has the ability to file pleadings on his own behalf. This is not a case where the petitioner, due to circumstances entirely beyond his control, was incapable of accessing the courts for purposes of challenging the validity of his conviction. Nor does this Court find that it would be unconscionable to enforce the limitation period in this instance. <u>See</u> <u>Hill</u>, 277 F.3d at 704. There is nothing in this record to indicate that wrongful conduct attributable to the State contributed to Tielleman's nine-month delay in seeking federal habeas relief. <u>See</u> <u>Harris</u>, 209 F.3d at 330. Because Tiellman's Petition is untimely and not subject to equitable tolling, the Court will dismiss the Petition.

**B.** **<u>Certificate of Appealability</u>**

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Rose v. Lee</u>, 252 F.3d 676,

684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Tiellman fails to satisfy either one of these standards, the Court will decline to issue a Certificate of Appealability. Tiellman may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Tiellman's Petition for Writ of Habeas Corpus as untimely and decline to issue a Certificate of Appealability. A separate Order follows.

Entered this 26th of March, 2019.

/s/
_____
George L. Russell, III
United States District Judge